UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **PATRICK J. SHANK,** | : | |
| **Plaintiff,** | | Case No. 2:24-cv-3978<br>**Chief Judge Sarah D. Morrison**<br>**Magistrate Judge Karen L. Litkovitz** |
| v. | | |
| **STATE OF OHIO,** *et al.*, | : | |
| **Defendant.** | | |

## ORDER

This matter is before the Court on two Report and Recommendations issued by the Magistrate Judge. (ECF Nos. 7, 9.) Under a separate order, the Magistrate Judge granted Patrick Shank's request to proceed *in forma pauperis*. (ECF No. 5.)

In November 2024, upon performing an initial screen of the Complaint, the Magistrate Judge issued her First Report and Recommendation, recommending that the Court dismiss Mr. Shank's claims for failure to state a claim upon which relief may be granted, but also recommending that the Court grant him leave to file an amended complaint within thirty days of the Court adopting the Recommendation. (First R&R, ECF No. 7.)

Mr. Shank did not object to the First R&R. Instead, he filed an Amended Complaint. (ECF No. 8.) Subsequently, in March 2025, the Magistrate Judge screened Mr. Shank's Amended Complaint and recommended dismissal. (Second R&R, ECF No. 9.) The Magistrate Judge found that his Amended Complaint failed to cure the deficiencies identified in the First R&R. (*Id.*) Mr. Shank filed objections to the Second R&R. (ECF No. 10.)

If a party objects to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which the objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The First R&R is **ADOPTED** and **AFFIRMED in part**, and Mr. Shank is **GRANTED** leave to file his Amended Complaint. The Magistrate Judge's recommendation for dismissal based on the original Complaint is **DENIED** as moot.

Turning to the Second R&R, the Magistrate Judge recommended dismissal of the Amended Complaint for three reasons: 1) Mr. Shank's factual allegations prior to 2022 are time barred; 2) because he is suing defendants in their official capacities, he is barred from seeking monetary damages; and 3) his request for injunctive relief is not related to any alleged ongoing violation of federal law.

In his objections to the Second R&R, Mr. Shank makes three arguments. First, he explains that even though his factual allegations prior to 2022 are time-barred, they demonstrate ongoing patterns of retaliation and harassment. But the Court need not consider untimely factual allegations to bolster his claims.

Second, Mr. Shank argues that he is suing Defendants for violations "in their official capacity, or in the alternative, in their individual capacity." (Obj., PAGEID # 219.) However, he does not assert an individual capacity claim in the Amended Complaint, and he cannot raise such a claim for the first time in his Objection.

2

*Hunault v. FCA US LLC*, No. 15-12772, 2016 WL 7092981, at *2 (E.D. Mich. Dec. 6, 2016) (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)).

Next, Mr. Shank argues that he has alleged an ongoing future violation that warrants prospective injunctive relief. But, as the Magistrate Judge correctly points out, verbal harassment or idle threats do not create a constitutional violation, and Mr. Shank does not plead any facts that suggest retaliatory motive for his alleged protected conduct. Therefore, he has not alleged any ongoing violations to warrant prospective injunctive relief.

Even if the Court finds that he has plausibly alleged ongoing violations, the Court cannot grant the type of injunctive relief that he seeks. First, Mr. Shank seeks injunctive relief requiring the Ohio Department of Rehabilitation and Corrections "to cease from the targeting, harassment, and retaliation." (Am. Compl., PAGEID # 169.) But the Court can only grant prospective injunctive relief against state officials, not a state entity. *McKenna v. Bowling Green State Univ.*, 568 Fed. Appx. 450, 457 (6th Cir. 2014). Second, Mr. Shank demands that Defendants "be held accountable for [their] criminal conduct." (Am. Compl., PAGEID # 169.) But it is well settled that the "authority to initiate a criminal complaint rest exclusively with state and federal prosecutors." *Wallace v. County of Calhoun*, No. 1:19-CV-144, 2010 WL 1494771, at *4 (W.D. Mich. April 14, 2010) (plaintiff failed to identify a valid demand for injunctive relief by demanding the Court investigate and prosecute state officials) (citation omitted)).

Finally, Mr. Shank also states in his Objection that he "hereby [a]mends his original claim." However, he did not move for leave to file a second amended

3

complaint, file a proposed second amended complaint, or describe how any further amendments would cure the deficiencies in his claims. Because amending his complaint would be futile, the Court will not allow Mr. Shank to file a second amended complaint.

The Court finds no error in the Magistrate Judge's conclusions or reasoning. Mr. Shank's objections provide no basis to conclude otherwise.

Accordingly, Mr. Shank's Objection to the Second R&R (ECF No. 10) is **OVERRULED**. The Second R&R (ECF No. 9) is **ADOPTED** and **AFFIRMED.** Mr. Shank's Amended Complaint is **DISMISSED**. The Clerk is **DIRECTED** to **TERMINATE** this case.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**